# 32UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

___

In re:  BKY No. 24-43428

Isabel Cristina Vilbrandt Medeiros,  Chapter 13

Debtor.

___

## NOTICE OF HEARING AND MOTION ON OBJECTION TO PROOF OF FILED BY CREDITOR STARING LAKE VILLAGE HOME ASSOCIATION, INC.

___

To: The Chapter 13 Trustee, The U.S. Trustee, and the other entities specified in Local Rule 9013-3.

    1.    The Debtor moves the court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this motion on **Tuesday, April 8th, 2025, at 1:00 P.M..** The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at: mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

    3.    Any response to this Motion must be filed and delivered not later than **Tuesday, April 1st, 2025,** which is seven days before the date set for the hearing.

1

4. This court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157, and Section 1334, Bankruptcy Rule 5005. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on December 13, 2024.

5. This motion arises under Sections 502 and 506 of the United States Bankruptcy Code (11 U.S.C. §502 and 11 U.S.C. §506), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3007-1. This motion is filed under Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Rules 3007-1, 9013-1 and 9013-2.

6. Debtor objects to the claim of Staring Lake Village Home Association (hereinafter, the "Claimant"), Claim Number 6, filed on February 6, 2025, in the amount of $38,095.21.

7. Claimant filed a claim in this bankruptcy case asserting a statutory lien under Minn. Stat. § 515B.3-116 for legal fees incurred in a dispute over related to the valuation of fire damage to the Debtor's unit. However, such fees fall outside the scope of the statutory lien provisions and are therefore unenforceable under Minnesota law.

8. Additionally, the legal fees asserted are excessive, amounting to more than the total value of the underlying dispute. Allowing this improper claim to stand would unfairly prejudice other creditors by artificially inflating the Claimant's claim at the expense of equitable distribution.

9. For these reasons, Debtor moves this Court to disallow the Claimant's improper lien claim in its entirety.

**MEMORANDUM OF LAW**

A claim, proof of which is filed, is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). If objection to a claim is made, the Court, after notice of hearing,

must determine the amount of the claim in lawful currency of the United States as of the date of the filing of the petition and must value the claim in that amount, with certain exceptions not applicable here. Id. at § 502(b). The party objecting to a claim must file and serve a motion. See Local Rule 3007-1.

When a proof of claim contains all the information required under Rule 3001, it "constitute[s] prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f). The burden then shifts to the objecting party to "come forward with enough substantiations to overcome the claimant's prima facie case.'" Benjamin v. Diamond (In re Mobile Steel Co.), 563 F.2d 692, 701 (5th Cir. 1977) (quoting 3A Collier on Bankruptcy ¶ 63.06 (14th Ed. 1976)). If the objecting party overcomes the prima facie case, then the burden of proof falls to the party that would bear the burden outside of bankruptcy. Raleigh v. Ill. Dept. of Revenue, 530 U.S. 15, 20 147 L.Ed.2d 13 (2000). See also, Walston v. PYOD, LLC (In re Walston), 606 Fed. Appx. 543, 546 (11th Cir. 2015).

In this case, Claimant filed a claim in asserting a statutory lien under Minn. Stat. § 515B.3-116 for legal fees incurred in a dispute over repair costs related to fire damage to the Debtor's unit. However, such fees fall outside the scope of the statutory lien provisions and are therefore unenforceable under Minnesota law. Additionally, the legal fees asserted are excessive, amounting to more than the total value of the underlying dispute. Allowing this improper claim to stand would unfairly prejudice other creditors by artificially inflating the Claimant's claim at the expense of equitable distribution.

### **THE CLAIMANT'S CLAIM FOR LEGAL FEES IS NOT SUBJECT TO A STATUTORY LIEN UNDER MINN. STAT. § 515B.3-116**

Under Minnesota law, an HOA may assert a lien against a unit owner only for specific

categories of obligations, including:

- Assessments (regular and special)
- Fines
- Late fees and interest
- Legal fees related to the collection of unpaid assessments

See Minn. Stat. § 515B.3-116(a).

The statute does not permit Claimant to assert a lien for legal fees arising from general disputes unrelated to the collection of assessments. In the present case, the Claimant's legal fees did not arise from an attempt to collect unpaid assessments, but rather from a dispute over the value of fire damage to Debtor's unit. Claimant's attempt to circumvent statutory limitations and improperly assert a lien for legal fees that are wholly unrelated to assessments is legally baseless and must be rejected by this Court.

## THE LEGAL FEES ARE UNREASONABLE AND DISPROPORTIONATE

Even if legal fees were recoverable in this context (which they are not), the Claimant's claimed fees are patently unreasonable. The underlying dispute concerns the proper valuation of fire damage to the Debtor's home. The discrepancy was approximately $40,000. Yet, the Claimant has incurred and seeks to impose on the Debtor legal fees that nearly exceed the amount in controversy.

Such excessive legal fees demonstrate a clear abuse of process, as the Claimant has engaged in unnecessary, protracted litigation tactics, running up fees in bad faith and attempting to foist them upon the Debtor. Minnesota courts have long recognized that legal fees must be reasonable and proportionate to the claim being pursued. See, e.g., State v. Paulson, 290 Minn. 371, 188 N.W.2d 424 (Minn. 1971) (holding that fee awards must be reasonable and supported by specific justification).

This Court should not condone the Claimant's efforts to escalate a moderate dispute into a financial burden that is wholly disproportionate to the actual matter at issue.

**ALLOWING THE HOA TO INFLATE ITS CLAIM HARMS OTHER CREDITORS**

The purpose of bankruptcy is to ensure a fair and equitable distribution of a debtor's assets among creditors. If the Claimant is permitted to artificially inflate its claim by improperly asserting an unenforceable lien for exorbitant legal fees, it will directly reduce the amount available for legitimate creditors.

**CONCLUSION**

Under 11 U.S.C. §506, the Court has the power to disallow improper or unenforceable claims. Allowing the Claimant's improper and inflated claim to stand would create a windfall for the Claimant at the direct expense of other legitimate creditors, violating fundamental bankruptcy principles.

**WHEREFORE**, the debtor prays of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike the claim.

B. That the Debtor received such other and further relief as the Court may deem just and proper.

Dated: March 4, 2025

**/e/ Jeffrey H. Butwinick**
Jeffrey H. Butwinick,
Bar No. 342208
7800 Metro Parkway #300
Bloomington, MN 55425
p. 651-210-5055
e. jeff@butwinicklaw.com

## **Verification**

I, Isabel Cristina Vilbrandt Medeiros, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: March 4, 2025

/s/ Isabel Cristina Vilbrandt Medeiros
Isabel Cristina Vilbrandt Medeiros

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No. 24-43428

Isabel Cristina Vilbrandt Medeiros,  Chapter 13

Debtor.

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, a copy of the Debtor's NOTICE OF HEARING AND MOTION ON OBJECTION TO PROOF OF FILED BY CREDITOR STARING LAKE VILLAGE HOME ASSOCIATION, INC. was served by ECF or First Class Mail to all interested parties listed below:

1. Gregory A. Burrell - cmecfjzkmn@ch13mn.com;
2. Tracy Halliday on behalf of Interested Party Wells Fargo Bank, N.A. thalliday@logs.com, logsecf@logs.com;
3. Melissa Porter on behalf of Interested Party Wells Fargo Bank, N.A. mporter@logs.com, MNBKYAffidavits@logs.com; logsecf@logs.com;
4. Matthew D. Swanson on behalf of Interested Party Staring Lake Village Home Association, Inc. - mswanson@greensteinsellers.com, heidi@greensteinsellers.com;
5. US Trustee - ustpregion12.mn.ecf@usdoj.gov

Dated: March 4, 2025

**/e/ Jeffrey H. Butwinick**
Jeffrey H. Butwinick,
Bar No. 342208
7800 Metro Parkway #300
Bloomington, MN 55425
p. 651-210-5055
e. jeff@butwinicklaw.com