UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 24-43428
  Chapter 13 Case
Isabel Cristina Vilbrandt Medeiros,

Debtor.

**STARING LAKE'S RESPONSE MEMORANDUM TO DEBTOR'S MOTION OBJECTING TO PROOF OF CLAIM FILED BY CREDITOR STARING LAKE VILLAGE HOME ASSOCIATION, INC.**

Staring Lake Village Home Association, Inc. ("Staring Lake") submits this Response in Opposition to Debtor Isabel Cristina Vilbrandt Medeiros ("Debtor") Objection to Staring Lake's proof of claim.

As discussed herein, Debtor's objection to Staring Lake's proof of claim, filed as Claim No. 6 in the underlying bankruptcy case ("Claim 6"), misstates the factual background and legal authority supporting Staring Lake's claim.

## Factual Background

The following facts are not subject to dispute and are supported by findings of fact established by the October 8, 2024 Order Granting Summary Judgment in the Hennepin County District Court case, Court File No. 27-CV-23-10196, which decided a dispute between the Debtor and Staring Lake (the "District Court Litigation"):

1. Debtor owns real property located at 13190 Murdock Terrace, Eden Prairie, MN 55347 (the "Unit"), which is located within Staring Lake Village Homeowners Association (the "Association"). The Unit is subject to the Association's governing documents, including its declaration (the "Declaration") and the Minnesota Common Interest Ownership Act, codified at Minn. Stat. § 515B (the "Act"). (Swanson Decl. Ex. 1 at 5.)

2. On September 16, 2022 a fire occurred at the Debtor's Unit. (Id.)

3. Staring Lake filed a claim against its master insurance policy for the fire damage to the Unit. (Id.)

4. Despite having numerous vendors inspect the property and provide estimates for the repair, Debtor would not allow Staring Lake to proceed with the repairs, which ultimately resulted in Staring Lake commencing a lawsuit against Debtor on June 28, 2023, seeking the following relief:

    a. Count I – Declaratory Judgment. Staring Lake sought a declaration that pursuant to the Declaration and Act, the Association is entitled to manage the repairs to Debtor's property and Debtor is required to provide access to the property and cooperate with Staring Lake's efforts to repair the damage. (Swanson Decl. Ex. 1 at 20-21.)

    b. Count II – Injunctive Relief. Staring Lake sought injunctive relief from the Court in the form of an Order requiring Debtor to provide Staring Lake and its agents access to Debtor's property to allow completion of the repairs. (Swanson Decl. Ex. 1 at 21.)

5. Debtor filed an Answer to Staring Lake's complaint and asserted the following counterclaims against Staring Lake:

    a. Count I – Breach of Contract. (Id. at 8.)
    b. Count II – Violation of Minn. Stat. § 515B.3-113. (Id. at 14.)
    c. Count III – Breach of Fiduciary Duty. (Id. at 15.)
    d. Count IV – Declaratory Judgment. (Id. at 18.)
    e. Count V – Injunctive Relief. (Id. at 19.)
    f. Count VI – Negligent Infliction of Emotional Distress. (Id.)

6. After over a year of litigation, Staring Lake brought a motion for summary judgment on its two claims and all of Debtor's six claims. (See Id. at 1-2.)

7. The District Court granted Staring Lake's motion in all respects, entering judgment in favor of Staring Lake on its two claims, and granting Staring Lake's motion for summary judgment on all six claims of Debtor, dismissing all claims.

As authorized by the Association's Declaration and Minnesota Statutes, the Association assessed legal fees incurred in Court File No. 27-CV-23-10196 against the Debtor's real property. Minn. Stat. § 515B.3-115(e)(4).

On December 13, 2024 Debtor filed a voluntary Chapter 13 Petition commencing this bankruptcy case. (See Doc. 1). Staring Lake filed Claim 6 against the bankruptcy estate to preserve its secured lien, as established by Article V, Section 1 of the Declaration and Minn. Stat. 515B.3-116. Debtor objected to Claim 6.

**Legal Argument**

Contrary to Debtor's argument, and as evidenced by the summary judgment order attached as Exhibit 1 to the Declaration of Matthew Swanson, the dispute in the Hennepin Country District court case related directly to the Staring Lake's attempt to enforce the provision of the Declaration, namely its obligations to perform repairs, and to defend against the meritless counterclaims asserted by the Debtor. (Swanson Decl. Ex. 1.) All fees assessed back against the Debtor's property were appropriate and authorized by the Declaration and Minn. Stat. § 515B.

I. **Staring Lake Has a Valid Lien on Debtor's Homestead**

As of December 13, 2024, the Real Property was subject to a lien for unpaid assessments owed to Staring Lake in the amount of at least $38,095.21. (See Proof of Claim No. 6. Filed in Bky No. 24-43428.) As noted above, Staring Lake and Debtor were involved in litigation where Staring Lake sought Declaratory and Injunctive relief to enforce its rights under the Declaration and Minnesota Statutes § 515B. In response to Staring Lake's complaint, Debtor answered and asserted counterclaims. Staring Lake was ultimately successful on all counts of the complaint and Debtor's counterclaims. (Swanson Decl. Ex. 1.) As a result of the litigation, Staring Lake incurred attorney's fees and costs to seek enforcement of its rights under the Declaration. (See Addendum to Claim 6.) The Association assessed back to the Debtor's unit certain attorney's fees and costs pursuant to Article 5, Section 1 of the Declaration and Minn. Stat. 515B.3-115(e)(4). These assessments are a lien against the Debtor's Real Property pursuant to Minn. Stat. 515B.3-116(a).

Minnesota Statute 515B.3-115(e)(4) states that "reasonable attorney fees and costs incurred by the association in connection with (i) the collection of assessments against a unit owner, and (ii) the enforcement of this chapter, the articles, bylaws, declaration, or rules and

regulations against a unit owner, may be assessed against the unit owner's unit." In this case, Staring Lake brought an action against the Debtor to enforce its rights under Minnesota Statute 515B.3-113 and Article IX, Section 1(e) of the Declaration. Staring Lake incurred reasonable attorney's fees and costs as a result of bringing an action to enforce its rights, and upon entry of summary judgment in its favor, Staring Lake assessed those against the Debtor's unit. Pursuant to 515B.3-116(a), "[t]he association has a lien on a unit for any assessment levied against that unit from the time the assessment becomes due." Article V, Section 1 of the Declaration states that the "Association shall have a lien on each Unit for any assessment levied against the Unit, as provided under Section 515B.3-116 of the Act." Thus, Staring Lake has a lien for the attorney's fees and costs assessed against the Debtor's unit.

Debtor's memorandum in support of her objection to Staring Lake's proof of claim contains no discussion or acknowledgment of the Association's right to assess attorney's fees under Minn. Stat. § 515B.3-115(e)(4), which by operation of that statute become a lien against the Unit pursuant to Minn. Stat. § 515B.3-116(a), as they are part of the common expenses assessed against the Unit. This legal right is widely accepted by controlling Minnesota precedent.

> Both Minn. Stat. § 515B.3–115(e)(4) and the declaration permit the recovery of attorney fees incurred "in connection with the collection of assessments" and "enforcement" of an association's declaration or rules and regulations. "Enforce" means "[t]o compel ... obedience to." *The American Heritage Dictionary of the English Language* 610 (3d ed.1992). In turn, "obedience," is defined as "[t]he act of obeying," and "obey" is defined as "[t]o carry out or comply with."

Horodenski v. Lyndale Green Townhome Ass'n, Inc., 804 N.W.2d 366, 371 (Minn. Ct. App. 2011); quoting *Asian Women United of Minn. v. Leiendecker,* 789 N.W.2d 688, 691 (Minn.App.2010).

## II. The Attorney's Fees Incurred by Staring Lake and Assessed Back to the Debtor's Property Were Reasonable

As an alternate argument, Debtor seeks to strike the entirety of Claim 6 arguing that the amount of attorney's fees are unreasonable in light of the underlying dispute. (See Debtor's Memo a 5.) Debtor attempts to downplay the nature of the district court litigation, whereas a short review

4

of the docket for the District Court Litigation evidences a total of one hundred and ten (110) indexed filings as of December 13, 2024.

Additionally, the claims in the case related not to a dispute of the property valuation of the fire damage, but the Association's ability to exercise its rights under its governing documents. (See Swanson Decl. Ex. 1 at pp. 20 and 21 of the supporting memorandum.) Debtor asserted six (6) counterclaims against Staring Lake, seeking judgment in an amount far in excess of the amount the Debtor asks this Court to believe was in contest. For clarification, attached as Exhibit 2 to the Declaration of Matthew Swanson, and filed herewith is Debtor's answer to an interrogatory to identify the damages sought in the District Court Litigation. According to the Debtor's responses, she sought damages against Starting Lake in an amount she claimed would exceed eight hundred thousand dollars ($800,000.00). (Swanson Decl. Ex. 2.) Consequently, Debtor's argument that the attorney's fees and costs assessed against Debtor's Unit "nearly exceed the amount in controversy" is simply false.

Debtor presented no other argument in support of its objection to Claim 6 on reasonableness. The fact that Staring Lake was completely successful in the District Court Litigation, was granted the relief it requested and obtained dismissal of all Debtor's counterclaims, cuts against the meritless accusations of Debtor that it was Staring Lake that engaged in unnecessary and protracted litigation and is now seeking to assess back fees and costs in bad faith. Staring Lake's lien claim is authorized by its Declaration, Minn. Stat. §§ 515B.3-115 and 3-116, and caselaw. See *Horodenski,* 804 N.W.2d at 374.

### III. Debtor's Claim that Allowance of Staring Lake's Claim will Harm Creditors has No Bearing on the Validity of the Claim.

Debtor's final argument in support of its objection is that allowance of the claim will reduce the amount available to other creditors. (Debtor's Memo at 5.) This argument has no merit and should be summarily dismissed. The argument would apply to any claim asserted against the bankruptcy estate, not just the claim of Staring Lake. The fact that Staring Lake has a valid secured claim, which may reduce the amount of funds available to pay creditors with lower priority claims,

has no bearing on the validity of Claim 6. There is no caselaw which would support such an argument, and no such legal support has been cited by Defendant.

IV. **Debtor has Failed to Present Substantial Evidence Contravening the Presumed Validity of Claim 6.**

The Debtor's motion and supporting memorandum of law fail to meet the requisite burden to overcome the presumed validity of the Claim 6 as established by Fed. R. Bankr. P. 3001.

> The mere filing of a claim objection fails to overcome a claim's presumed validity and fails to shift the burden of proof to the creditor; the objector must produce sufficient evidence to support the objection.

*In re Dorlaque*, 658 B.R. 489, 500 (Bankr. E.D. Mo. 2024); citing *In re Waterman*, 248 B.R. 567, 571 (B.A.P. 8th Cir. 2000). As discussed herein, the "evidence" provided in support of Debtor's objection is nothing more than a misstatement of facts that inaccurately convey the nature of the District Court Litigation and the issues and amount at controversy therein.

> Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison C. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938): Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence requires financial information and factual arguments. See *Vomhof v. United States*, 207 B.R. 191, 192 (D. Minn. 1997); *In re Dove–Nation,* 318 B.R. at 152.

*In re Austin*, 583 B.R. 480, 484 (B.A.P. 8th Cir. 2018). Debtor's claim objection lacked the requisite "substantial evidence" and fails to rebut the validity of Staring Lake's claim.

## Conclusion

For the reasons discussed herein, Staring Lake respectfully requests that the Court deny Debtor's objection to Claim 6.

**GREENSTEIN SELLERS, PLLC**

Dated: April 1, 2025          By: /e/ Matthew D. Swanson
                                     Matthew D. Swanson                390271
                                     121 S. 8th Street, Suite 1450
                                     Minneapolis, MN 55402
                                     (763) 285-4702
                                     mswanson@greensteinsellers.com